**NOT FOR PUBLICATION**

**FILED**

DEC 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN RAY MILLER, | No. 20-17348 |
| Plaintiff-Appellant, | D.C. No. 1:20-cv-00234-DAD-JDP |
| v. | |
| ALBERT NAJERA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted December 14, 2021**

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Steven Ray Miller appeals pro se from the district court's judgment

dismissing his action alleging claims under 42 U.S.C. § 1983, *Bivens v. Six*

*Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and

state law that occurred while he was a pretrial detainee. We review for an abuse of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion a dismissal of an action as duplicative. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008). We affirm.

The district court did not abuse its discretion in dismissing Miller's action as duplicative of his earlier-filed action, *Miller v. Najera, et al.*, No. 1:19-cv-01077-AWI-BAM (E.D. Cal.), because the causes of action and relief sought are the same in both actions, and the parties are the same or in privity with each other. *See Adams*, 487 F.3d at 688-89 (explaining that in determining whether a later-filed action is duplicative, this court examines "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same"); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) ("Even when the parties are not identical, privity may exist if there is substantial identity between parties, that is, when there is sufficient commonality of interest." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Miller leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court may dismiss without leave to amend when amendment would be futile).

**AFFIRMED.**